```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ARCTIC OCEAN INTERNATIONAL LTD.,        :
                                        :
                    Plaintiff,          :
                                        :          06 Civ. 1056 (LAP)
          -against-                     :
                                        :
HIGH SEAS SHIPPING LTD.,                :          ORDER
UNITED INTERNATIONAL TRADING,           :
GLOBAL LOGISTICS GROUP LTD., &          :
TRANSULT SERVICES a/k/a                 :
TRANSULT SERVICES REG'D OR              :
TRANSULT ENR                            :
                                        :
                    Defendants.         :
---------------------------------------X
```

LORETTA A. PRESKA, Chief United States District Judge:

On December 4, 2009, this Court issued an order (the "Order") vacating Plaintiff's attachment over the electronic fund transfers ("EFTs") of Defendant United International Trading ("UIT"). Plaintiff now moves for a stay of the Order pending appeal, claiming that this Court erred in relying on the Court of Appeals' decisions in Shipping Corp. of India Ltd. v. Jaldhi Overseas Ptd Ltd., No. 08-3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009) and Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09-2129, 2009 WL 3790654 (2d Cir. Nov. 13, 2009). For the following reasons, the motion is granted in part and denied in part.

1

Stay pursuant to Rule 62(c).[1]  Plaintiff's motion for a stay pursuant to Rule 62(c) of the Federal Rules of Civil Procedure is denied.  The Supreme Court laid out the factors that must be analyzed for a stay under Rule 62(c) in Hilton v. Braunskill, 481 U.S. 770 (1987).  The factors include the applicant's likelihood of success on the merits, whether the applicant will be irreparably injured absent a stay, whether issuance of the stay will substantially injure the other parties, and where the public interest lies.  Hilton, 481 U.S. at 770.  While Plaintiff has made a case for the harm that it would suffer individually in the event a stay is not granted, the remaining factors weigh against granting a stay.

First, Plaintiff has not shown a substantial likelihood of success on appeal.  The existence of a petition for rehearing on Hawknet does not lead to the inevitable conclusion that "Hawknet was incorrectly decided."  (See Plaintiff's Memorandum of Law in Support of Motion for a Stay of Execution of Order Vacating Maritime Attachment dated December 18, 2009 ("Pl.'s Mem.") at 7.)

---

[1] Plaintiff's motion references Rule 62(d).  Because the Order relates to an injunction, rather than to a money judgment, Rule 62(c) is the applicable Rule.  See Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 186, 188 (S.D.N.Y. 2008) (citing cases).

2

Nor does this Court's decision to abstain from exercising jurisdiction for "equitable reasons" where the Court of Appeals has clearly stated that no jurisdiction exists lead to the conclusion that this Court committed an error. Accordingly, Plaintiff's chance of success on appeal, though not negligible, does not appear "substantial."

Second, Plaintiff has not shown that it will suffer "irreparable harm" in the event a stay is not granted. Plaintiff seeks only money damages. The likelihood of an injury that can be compensated by money damages "usually does not constitute irreparable harm." Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999). Courts have, however, made exceptions to this rule, for instance, in monetary injury situations involving obligations owed by insolvents. See id. at 2350. While there is no reason to believe that UIT is insolvent, it would certainly be difficult to return the parties to the status quo ante in the event of a favorable outcome for Plaintiff on appeal. See id. at 249 (irreparable harm may exist where "but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied."). Accordingly, this factor slightly favors a stay.

3

UIT would suffer minimal harm if a stay is granted. Plaintiff has represented that it will provide a supersedeas bond to cover the costs of the loss of the use and loss of interest on the attached funds. (See Pl.'s Mem. at 9)  Assuming Plaintiff posts a satisfactory bond, harm to UIT is unlikely to be substantial. See Centauri, 528 F. Supp. 2d at 195.

Finally, its appeal to "principles of comity" notwithstanding, Plaintiff has not shown that it would be in the public interest to grant a stay.  Plaintiff asserts, with no supporting authority, that ensuring the enforcement of foreign judgments is in the public interest.  Even assuming that to be true, nothing in the Jaldhi or Hawknet decisions acts to undermine the jurisdiction, laws, or arbitration awards of any other country.  Those decisions simply limit the jurisdiction of United States courts to attach electronic funds transfers; any property that is validly attached remains available for the enforcement of foreign judgments.  This factor disfavors a stay.

Plaintiff's likelihood of success and the public interest strongly disfavor a stay.  The harm that Plaintiff would suffer without a stay slightly favors a stay, as does the insubstantial injury to UIT in the event of a stay.  On balance, the Hilton factors counsel against granting a

4

stay. Accordingly, Plaintiff's motion for a stay pursuant to Rule 62(c) is denied.

Stay pending appeal. Plaintiff filed its appeal on December 22. The Court grants Plaintiff's motion for a temporary stay of the vacatur so that Plaintiff may apply to the Court of Appeals for a stay pending appeal pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure. See Fed. R. App. P. 8(a)(2). In the event that Plaintiff fails to apply to the Court of Appeals for a stay by January 8, 2010, this temporary stay shall be lifted. If Plaintiff does apply to the Court of Appeals for a stay before that date, this temporary stay shall remain in effect until the Court of Appeals renders a decision on the stay motion presented to it.

For the foregoing reasons, Plaintiff's motion for a stay of the vacatur pending appeal is DENIED. Plaintiff's request for a temporary stay of the vacatur pending the Court of Appeals' resolution of a motion to stay is GRANTED.

SO ORDERED.

Dated:   New York, New York
         December 23, 2009

_____
LORETTA A. PRESKA,
CHIEF U.S.D.J.